UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION, Plaintiff, | Civil Action No.: 16-CV-4084 |
| -against- | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| ONEUP GAMES LLC, Defendant. | |

Plaintiff Major League Baseball Players Association, by its undersigned attorneys, McCarter & English, LLP, alleges as its Complaint against Defendant OneUp Games LLC as follows:

## NATURE AND BASIS OF THE ACTION

1. This is an action for damages for trademark infringement, trademark dilution, unfair competition and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq. (the "Lanham Act"), and for trademark infringement, trademark dilution, and unfair competition under the laws of the State of New York, as well as an action for breach of a license agreement and related claims and a violation of the New York Civil Rights law.

## PARTIES

2. Plaintiff Major League Baseball Players Association ("MLBPA") is an unincorporated New York association with a principal place of business at 12 E. 49th Street, New York, New York 10017.

3. Upon information and belief, Defendant OneUp Games LLC ("OneUp") is a Delaware limited liability company with its principal place of business at 3300 PGA Blvd. #310, Palm Beach, Florida 33410.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121.

5. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a) because this lawsuit involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court also has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. §1367 because this is a civil action of which the district courts have original jurisdiction, and the other claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

7. The Court has personal jurisdiction over OneUp because, upon information and belief, OneUp is present and/or conducts business in the State of New York and in this District.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

9. For the past fifty (50) years, MLBPA has been the association that serves as the union of Major League baseball players in the United States and throughout the world, and represents the interests of all professional baseball players that are members of teams in the American League and the National League.

10. MLBPA serves as the group licensing agent on behalf of, and represents certain collective commercial interests of, all active Major League baseball players, managers and coaches who are subject to a commercial authorization agreement (collectively, the "Players").

11. In addition, MLBPA owns the federal registrations and common law trademarks identified on Schedule A to the "License Agreement" (as hereinafter defined). Such trademarks are hereinafter collectively referred to as the "Trademarks".

12. MLBPA owns several federal registrations for the PLAYERS CHOICE logo identified on Schedule A, which are valid, subsisting, unrevoked, and uncancelled. True and correct copies of the Certificates of Registration for the PLAYERS CHOICE logo identified on Schedule A are attached hereto as Exhibit A. These federal registrations constitute prima facie evidence of their validity and conclusive evidence of MLBPA's exclusive right to use same in commerce in connection with the goods and services named therein, and commercially related goods and services. MLBPA, the MLBPA Logo, MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION and MLBPLAYERS.COM, also identified on Schedule A, are common law trademarks that are and have been used by MLBPA to identify certain goods and services.

13. MLBPA has the right to grant rights in and to the Trademarks and the names, nicknames, likenesses, signatures, pictures, numbers, playing records and/or biographical data of the Players (collectively, the "Rights").

14. MLBPA has continuously used and/or licensed third parties to use certain of the Trademarks since at least as early as 1981.

15. MLBPA maintains strict quality control standards for all MLBPA licensed goods and services and MLBPA inspects and/or approves all genuine MLBPA licensed goods and services prior to their distribution and sale.

16. To date, MLBPA has invested significant time and effort advertising and promoting MLBPA licensed goods and services and the Trademarks in the United States and throughout the World, and displays the distinctive Trademarks in its advertising and promotional materials. MLBPA's efforts in this regard have resulted in widespread recognition of the Trademarks. As a result, the sales of MLBPA licensed goods and services have been significant for at least the last three (3) decades. The consuming public has come to associate the distinctive

Trademarks with products and services that are of exceptionally high quality, and come to recognize that products and services offered in connection with the Trademarks originate from MLBPA.

17. As a result of MLBPA's many years of effort in advertising, promoting, marketing and licensing products and services in connection with the distinctive Trademarks and the sales of such licensed products and services by MLBPA's licensees, the Trademarks have become famous marks entitled to the utmost protection.

18. On information and belief, OneUp is in the business of developing, offering for sale, selling, advertising, promoting and distributing mobile-based applications.

19. On or about January 1, 2013, MLBPA and OneUp entered into a license agreement under which MLBPA licensed to OneUp the right to use the Rights and Trademarks in connection with a mobile-based baseball application that is a head-to-head bingo-style game (the "License Agreement").

20. The "Term" of the License Agreement is comprised of three "License Periods." The First License Period was January 1, 2013 through December 31, 2013, the Second License Period was January 1, 2014 through December 31, 2014 and the Third License Period was January 1, 2015 through December 31, 2015.

21. Under the License Agreement, OneUp was required to obtain MLBPA's approval of the pre-release versions of the proposed Licensed Products and/or Promotional Material and the release versions of the proposed Licensed Products and/or Promotional Material prior to their distribution or sale. The License Agreement also prohibited OneUp from proceeding beyond any stage where approval was required without first securing the express written approval of MLBPA. OneUp failed to secure MLBPA's express written approval for the versions of the

Licensed Product and associated promotional material distributed and sold in 2015, as required by the License Agreement.

22. Under the License Agreement, OneUp was required to pay MLBPA a guaranteed minimum royalty, as well as an actual royalty, for each License Period. Despite MLBPA's repeated requests, OneUp has failed to pay MLBPA guaranteed minimum royalty payments for the Third License Period due on July 15, 2015, September 15, 2015, November 15, 2015 and December 31, 2015.

23. The License Agreement also required OneUp to provide to MLBPA, each License Period, certain monies to be used for MLBPA programs. Despite MLBPA's repeated requests, OneUp has failed to pay MLBPA the program monies for the Third License Period.

24. The License Agreement also required OneUp to spend certain sums during each License Period to promote the Licensed Products and to pay all unspent portions of the agreed upon amount directly to MLBPA. On information and belief, OneUp did not spend the agreed upon amount during the Third License Period and, despite MLBPA's repeated requests, has not paid MLBPA the unspent amount.

25. The License Agreement also required OneUp to deliver to MLBPA royalty statements during each License Period, as well as one month after the License Agreement expired. Despite MLBPA's repeated requests, OneUp has failed to provide MLBPA with a royalty statement for the Third License Period and after the expiration of the License Agreement.

26. Together with these royalty statements, OneUp was required to submit the royalty amount identified in the royalty statements to MLBPA. OneUp has failed to provide MLBPA with any such amounts.

27. Under the License Agreement, interest accrued for any late or missed payment.

28. The License Agreement expired on December 31, 2015.

29. OneUp also had certain payment and reporting obligations to MLBPA upon the expiration of the License Agreement. Despite MLBPA's repeated requests, OneUp has failed to comply with those certain obligations triggered by the expiration of the License Agreement.

30. As a result of OneUp's failure to comply with its payment obligations both during the License Agreement and after the License Agreement expired, OneUp owes MLBPA $225,000 plus interest, which continues to accrue.

31. OneUp continued to use the Rights and the Trademarks, without MLBPA's authorization, despite OneUp's failure to comply with its obligations under the License Agreement.

32. Upon information and belief, on or about June 2, 2015, OneUp issued a press release announcing its "relaunch" of its mobile application, which used both the Rights and the Trademarks, despite OneUp's various breaches of the License Agreement, without MLBPA's written consent. A true and correct copy of the press release is attached hereto as Exhibit B.

**FIRST COUNT**
**(Federal Trademark Counterfeiting and Infringement (15 U.S.C. § 1114))**

33. MLBPA repeats and re-alleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

34. MLBPA's Trademarks and the goodwill of the business associated with those marks in the United States and throughout the world are of great and incalculable value. The Trademarks are highly distinctive and have become universally associated in the public mind with the products and services of the very highest quality and reputation finding their source in MLBPA.

35. Upon information and belief, without MLBPA's authorization or consent, and having knowledge of MLBPA's well-known and prior rights in the Trademarks, OneUp has manufactured, distributed, offered for sale and/or sold products to the consuming public in connection with the Trademarks.

36. OneUp's use of the Trademarks is likely to cause and has caused confusion, mistake and deception among the general purchasing public as to the origin of OneUp's products, and is likely to deceive the public into believing the products and services being offered for sale and sold by OneUp originate from, are associated with, or are otherwise authorized by, MLBPA, all to the damage and detriment of MLBPA's reputation, goodwill and sales.

37. MLBPA has no adequate remedy at law and MLBPA has suffered irreparable harm and injury to its goodwill and reputation as a result of OneUp's wrongful conduct and unauthorized use of the Trademarks.

**SECOND COUNT**
**(False Designation of Origin and Unfair Competition (15 U.S.C. § 1125(a))**

38. MLBPA repeats and re-alleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

39. The products offered for sale and sold by OneUp are of the same general nature and type as other products and services sold and offered for sale by MLBPA and/or its licensees and, as such, are likely to cause confusion to the general purchasing public.

40. By misappropriating and using the Rights and the Trademarks, in breach of the License Agreement, OneUp misrepresented and falsely described to the general pubic the origin and source of OneUp's goods, which creates a likelihood of confusion among ultimate purchasers as to both the source and sponsorship of such products.

41. OneUp's unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale, and/or sale of products in connection with the Rights and Trademarks creates express and implied misrepresentations that OneUp's products were created, authorized or approved by MLBPA, all to OneUp's profit and MLBPA's great damage and injury.

42. OneUp's aforesaid acts are in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that OneUp's use of the Trademarks and Rights, in connection with OneUp's products, in interstate commerce constitutes a false designation of origin and unfair competition.

43. MLBPA has no adequate remedy at law and MLBPA has suffered irreparable harm and injury to its goodwill and reputation as a result of OneUp's wrongful conduct in breach of the License Agreement.

**THIRD COUNT**
**(Federal Trademark Dilution (15 U.S.C. § 1125(c))**

44. MLBPA repeats and re-alleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

45. MLBPA's Trademarks are "famous marks" within the meaning of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and were famous marks prior to OneUp's conduct as alleged herein.

46. OneUp's unauthorized distribution, marketing, offer for sale, and/or sale in commerce of OneUp's products in connection with the MLBPA Trademarks is likely to dilute and has diluted the distinctive quality of the Trademarks, and was done with the willful intent to trade on MLBPA's reputations and/or to cause dilution of the Trademarks.

47. OneUp's unauthorized use of the Trademarks on or in connection with OneUp's products was done with notice and full knowledge that such distribution, sale and/or offer for

sale was not authorized or licensed by MLBPA, particularly when such conduct was in breach of the License Agreement.

48. OneUp's aforesaid acts are in knowing and willful violation of MLBPA's rights under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

49. MLBPA has no adequate remedy at law and MLBPA has suffered irreparable harm and injury to MLBPA's goodwill and reputation as a result of OneUp's wrongful conduct in breach of the License Agreement.

**FOURTH COUNT**
**(Trademark Infringement under New York Common Law)**

50. MLBPA repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

51. OneUp has, without authorization from MLBPA and in breach of the License Agreement, used the Trademarks to advertise, distribute, sell and offer to sell OneUp's infringing products.

52. OneUp's acts as alleged herein are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of OneUp with MLBPA, and as to the origin, sponsorship, or approval of OneUp's products.

53. OneUp's unauthorized acts constitute direct infringement of MLBPA's Trademarks in violation of New York common law.

54. Upon information and belief, OneUp's conduct is intentional, malicious and wanton in that OneUp infringed and continues to infringe MLBPA's Trademarks (i) with full knowledge that MLBPA owns and has the exclusive right to use its Trademarks, (ii) with the intention of causing a likelihood of confusion and mistake and to deceive and (iii) with the intention of eliminating competition from MLBPA.

55. MLBPA has suffered irreparable injury for which MLBPA has no adequate remedy at law as a result of OneUp's infringing use of the Trademarks and wrongful conduct in breach of the License Agreement.

**FIFTH COUNT**
**(Unfair Competition under New York Law)**

56. MLBPA repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

57. The actions of OneUp as alleged above constitute common law unfair competition and false advertising under New York law, and have caused and will cause impairment of the recognition of the Trademarks, and diminution of the value thereof.

58. As a result of the actions of OneUp, which constitute unfair competition with MLBPA under New York common law, MLBPA has been seriously and irreparably damaged.

**SIXTH COUNT**
**(Trademark Dilution under New York Law)**

59. MLBPA repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

60. MLBPA's Trademarks are widely recognized by the general consuming public of the State of New York as a designation of source of the goods and services of MLBPA.

61. OneUp's acts as alleged herein are likely to cause and have caused injury to MLBPA's business and reputation, and diluted the distinctive quality of the Trademarks. OneUp knew and intended these acts to dilute the Trademarks and injure MLBPA's business and reputation. OneUp's acts constitute trademark dilution under New York law, including but not limited to, New York General Business Law § 360-L.

62. MLBPA has suffered irreparable injury for which MLBPA has no adequate remedy at law as a result of OneUp's wrongful conduct in breach of the License Agreement.

**SEVENTH COUNT**
**(Breach of Contract)**

63. MLBPA repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

64. The License Agreement is a binding and enforceable agreement.

65. MLBPA fulfilled its obligations under the License Agreement.

66. OneUp's refusal to honor its obligations to MLBPA under the License Agreement constitutes a breach of contract.

67. OneUp, by and through its conduct as described above, has repeatedly breached and continues to breach the terms of the License Agreement.

68. As a result of OneUp's breaches of the License Agreement, MLBPA has been damaged in an amount to be determined at trial.

**EIGHTH COUNT**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

69. MLBPA repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

70. The License Agreement is a binding and enforceable agreement.

71. Implied in the parties' License Agreement is a covenant of good faith and fair dealing between MLBPA and OneUp.

72. This implied covenant prohibits OneUp from engaging in conduct that deprives MLBPA of the benefits of the License Agreement.

73. Notwithstanding this implied covenant, OneUp has refused to meet its obligations to MLBPA under the License Agreement.

74. OneUp, by and through its conduct as described above, has breached the implied covenant of good faith and fair dealing owed to MLBPA.

75. As a result of OneUp's breach of the implied covenant of good faith and fair dealing, MLBPA has been damaged in an amount to be determined at trial.

**NINTH COUNT**
**(Unjust Enrichment)**

76. MLBPA repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

77. OneUp has benefited from the License Agreement.

78. OneUp has refused to pay MLBPA the monies it is owed pursuant to the License Agreement.

79. As such, OneUp has been unjustly enriched and has benefited at the direct expense of MLBPA.

80. As a result of this unjust enrichment, MLBPA has been damaged in an amount to be determined at trial.

**TENTH COUNT**
**(Violation of New York Civil Rights Law § 51)**

81. MLBPA repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

82. OneUp used the Rights, namely, the names, nicknames, likenesses, signatures, pictures, numbers, playing records and/or biographical data of the Players, in connection with its on-line mobile applications, within the State of New York.

83. OneUp's use of the Rights has been for purposes of advertising and trade.

84. OneUp's use of the Rights has been without MLBPA's written consent and in breach of the License Agreement.

85. MLBPA has been damaged as a direct result of OneUp's violation of New York Civil Rights Law § 51.

WHEREFORE, Plaintiff Major League Baseball Players Association prays that this Court enter judgment against OneUp in its favor on each and every claim for relief set forth above and award it relief as follows:

A. That OneUp, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through or under them be permanently enjoined and restrained:

(1) from using in any manner any of Rights and/or Trademarks, or any other mark which so resembles the Trademarks as to be likely to cause confusion, deception, or mistake on or in connection with the advertising, offering for sale, or sale of any product not emanating from MLBPA, or not authorized by MLBPA to be sold in connection with each of the Trademarks;

(2) from passing off, inducing, or enabling others to sell or pass off any product or service as and for products and/or services produced by MLBPA, where such products and services are not produced under the control and supervision of MLBPA and approved by MLBPA for sale under any of the Trademarks;

(3) from committing any acts calculated to cause purchasers to believe that OneUp's products and services are those sold under the control and supervision of MLBPA, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of MLBPA;

(4) from further diluting and infringing any of the Trademarks and damaging MLBPA's goodwill;

(5) from otherwise competing unfairly with MLBPA in any manner; and

(6) from shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products, services or inventory not manufactured by or for MLBPA, nor authorized by MLBPA to be sold or offered for sale, and which use any of the Rights and/or bear any of the Trademarks, or any mark confusingly similar thereto; and

(7) That OneUp be required to deliver up to MLBPA any and all products, collateral advertising material, price lists, labels, signs, prints, advertising matter, promotional, and other materials in the possession of OneUp or under its control bearing any of the Trademarks, alone or in combination with any other words, or used in connection with the advertising, offering for sale or sale of products not emanating from MLBPA, or not made under the authorization and control of MLBPA;

B. That OneUp, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon MLBPA a written report under oath signed by an officer or director of OneUp setting forth in detail the manner in which OneUp has complied with paragraphs 1 through 7, *supra*;

C. That OneUp account for and pay over to MLBPA all profits realized by OneUp by reason of OneUp's unlawful acts herein alleged and, that the amount of damages for infringement of the Trademarks be increased by a sum not exceeding three times the amount thereof as provided by law;

D. That MLBPA be awarded its damages arising from OneUp's breaches of contract, breach of the covenant of good faith and fair dealing and unjust enrichment;

E. That MLBPA be awarded compensatory and punitive damages as a result of OneUp's violation of Section 51 of the New York Civil Rights Law;

F. That MLBPA be awarded its costs and attorneys' fees incurred in this action, prejudgment interest, and such other interest as may be allowed by law on all sums awarded; and

G. That MLBPA be awarded such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Major League Baseball Players Association hereby demands a jury trial on all issues so triable.

Dated: New York, New York
June 1, 2016

McCARTER & ENGLISH, LLP

By: s/Gary Fechter
Gary Fechter
Lori J. Shyavitz
Attorneys for Plaintiff
Major League Baseball Players Association
245 Park Avenue
New York, New York 10167
Tel.: (212) 609-6800
Fax: (212) 609-6921
gfechter@mccarter.com
lshyavitz@mccarter.com